**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWTIS DONALD RHODEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00101-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>[ECF Nos. 3, 8, 10, 17] |

Plaintiff Lawtis Donald Rhoden is a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Currently before the Court are Plaintiff's motions for a temporary restraining order and/or preliminary injunction, filed on January 22, 2018, January 29, 2018, and February 5, 2018, respectively. The Court has yet to screen Plaintiff's complaint; however, based on a cursory review of the third amended complaint, Plaintiff challenges the emergency regulations imposed at Coalinga State Hospital which ban computers and storage devices in order to combat child pornography at the hospital.

///

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>Univ. of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at 22 (citation omitted) (emphasis added). The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2). The pendency of this action does not give the Court jurisdiction over prison officials in general. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 491–93 (2009); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. <u>Summers</u>, 555 U.S. at 491–93; <u>Mayfield</u>, 599 F.3d at 969.

The Fourteenth Amendment requires that civilly committed individuals receive "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." <u>Youngberg v. Romeo</u>, 457 U.S. 307, 321-22 (1982). Nonetheless, "the Constitution only requires that the courts make certain that professional judgment in fact was exercised." <u>Id.</u> at 321. Here there is insufficient evidence to demonstrate that the emergency regulations were not the result of decisions by qualified professionals or that the regulations demonstrate "conscious indifference amounting to gross negligence." See <u>Houghton v. Smith</u>, 965 F.2d 1532, 1536 (9th Cir. 1992). Although Plaintiff contends that the confiscated electronic devices have caused irreparable harm to his continuing education, legal and therapeutic projects, and denial of

communication, the balance of hardships does not tip in Plaintiff's favor. To this end, the Court notes the memorandum authored by Greg Anderson, Senior Deputy District Attorney of the Fresno County District Attorney's Office, indicates that patients are allowed to have digital storage devices on a check-out or temporary basis no greater than eight (8) gigabytes. (ECF No. 8, at 19.) Accordingly, Plaintiff has failed to demonstrate that the balance of hardships tips sharply in his favor, and Plaintiff's motion for a temporary restraining order and/or preliminary injunction should be denied.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motions for a temporary restraining order and/or preliminary injunction are denied; and

2. The Clerk of Court is directed to randomly assign a District Judge to this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 13, 2018**__

UNITED STATES MAGISTRATE JUDGE