# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWTIS DONALD RHODEN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>Defendants. | Case No.: 1:18-cv-00101-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 29] |

Plaintiff Lawtis Donald Rhoden is a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Currently before the Court is Plaintiff's fourth amended complaint, filed April 9, 2018.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254

1

F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

During the lockdown at Coalinga State Hospital from January 13, 2018 to February 8, 2018, Plaintiff was denied the ability to communicate with his lawyers and court by phone or letter. For a period of ten days, Plaintiff was not allowed to call his attorneys or send mail to them or the courts where he has pro se pleadings pending.

During the lockdown, Plaintiff had a pro se habeas corpus action pending in the United States District Court for the Central District of California. The Court ordered Plaintiff to file a status report every forty-five days or risk the case being dismissed. During the lockdown, Plaintiff was denied the right to call the court or send mail for ten days. Consequently, Plaintiff was forced to file his status report to the Court approximately ten days late in violation of the Court's October 13, 2017, order.

During the lockdown, Plaintiff also had a pro se habeas corpus petition pending in the California Supreme Court. Plaintiff was denied access to the law library to conduct research to submit additional and new case authorities in support of his challenge. The habeas corpus petition was denied by the California Supreme Court on March 14, 2018.

In addition, during the lockdown, Plaintiff was helping his court-appointed attorney research and draft a petition for unconditional release under Welfare and Institution Code section 6605, in Orange County. Plaintiff was prevented from doing legal research and denied the ability to mail a petition to his attorney which resulted in prolonged civil commitment. Plaintiff's lawyer was not able to file the petition for unconditional discharge until he received it from Plaintiff two weeks past the due date.

Plaintiff had a protected property interest in owning his electronic and storage devices (personal laptop computer, tablet, other electrical devices, thumb drives/flash drives/ microchips, C/Ds and DVDs). The confiscation of his electronic devices was the result of an established state procedure pursuant to the amendments to Title 9 of the California Code of Regulations, Chapter 16, section 4350.

Plaintiff has been suffering physical pain and emotional distress from an inguinal hernia since December 2017. Plaintiff was referred for an appointment with the general surgeon to address the medical issue in December of 2017. During the lockdown, Plaintiff was denied an examination by the general surgeon and was forced to suffer an additional month of severe physical pain and emotional distress due to the hernia. Plaintiff was finally provided surgery on March 21, 2018, and his hernia was repaired.

Prior to the lockdown on January 13, 2018, Plaintiff attended morning prayer service in the Catholic chapel on Tuesdays and Thursdays. He also attended mass every Sunday in the Catholic

1  chapel. Plaintiff has been a leader in the Catholic Christian community for the past 12 years. Plaintiff
2  conducts the Sunday services when Father Viktor Perez cannot attend. Plaintiff has been authorized
3  by the Bishop of Fresno and Father Perez to serve as a law Eucharistic Minister at Coalinga State
4  Hospital. During the lockdown, the Catholic chaplain was not allowed to conduct prayer services or
5  mass in the chapel or anywhere else in the facility. Plaintiff was also prevented from communicating
6  or contacting his spiritual advisors. Plaintiff has suffered emotional distress as a result of the denial of
7  right to practice his Christian faith during the month-long lockdown at Coalinga State Hospital from
8  January 13, 2018 to February 8, 2018.

**III.**

**DISCUSSION**

Plaintiff is detained as a SVP pursuant to the SVPA. An SVP is defined as "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). The SVPA authorizes the involuntary civil commitment of a person who has completed a prison term, but has been given a "full evaluation" and found to be a SVP. Reilly v. Superior Court, 57 Cal.4th 641, 646 (2013). "[SVPs] are involuntarily committed because their mental disease makes them dangerous to others." Seaton v. Mayberg, 610 F.3d 530, 540 (9th Cir. 2010).

**A.     Due Process Violation**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 5563 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Authorized deprivations of property are permissible if carried out pursuant to

4

a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). Legitimate, non-punitive governmental objectives include maintaining security, ensuring a detainee's present at trial, and managing the detention facility effectively. Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2014) (citing Hallstrom v. City of Garden City, 991 F.2d 1473, 1484 (9th Cir. 1993)).

Plaintiff states a cognizable due process claim against Defendants Pam Ahlin and Brandon Price for promulgating and/or implementing a policy by way of amendment to California Code of Regulations, Title 9, section 4350-Contraband Electronic Devices with Communication and Internet Capabilities, which lead to the confiscation of his electronic storage devices without a pre-deprivation hearing.

**B.     Access to the Courts**

The Constitution guarantees detained individuals meaningful access to the courts, including civil detainees. Bounds v. Smith, 430 U.S. 817, 822 (1977); Hydrick v. Hunter, 500 F.3d 978, 990 (9th Cir. 2007), vacated on other grounds by Hunter v. Hydrick, 556 U.S. 1256 (2009); Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (finding "right of access [to the courts] is guaranteed to people institutionalized in a state mental hospital regardless of whether they are civilly committed after criminal proceedings or civilly committed on grounds of dangerousness"). Thus, Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted). "Actual injury" means a "specific instance in which an [individual] was actually denied access to the courts." Sands v. Lewis, 896 F.2d 1166, 1171 (9th Cir. 1989).

The right of access does not guarantee any "particular methodology but rather the conferral of a capability of brining contemplated challenges to sentences or conditions of confinement before the courts." Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009) (quoting Lewis, 518 U.S. at 356). Similarly, a prisoner challenging that his right of access to the courts has been violated due to

inadequate law library must show that (1) access was so limited as to be unreasonable; and (2) the inadequate access caused actual injury." Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994)

Plaintiff contends that "the Defendants restricted, limited, and then denied [him] the right to communicate with the courts and his lawyers by phone. They also stopped Plaintiff's incoming and outgoing legal mail to the courts and his lawyers. They've additionally prevented [him] from accessing the law library to do legal research on his pending cases in the state and federal courts where he is proceeding in pro se. This has resulted in Plaintiff missing court-imposed deadlines, and not being able to adequately do legal research on his pending cases." (3d Amd. Compl. at 6.)

Plaintiff has failed to sufficiently allege "actual injury" in relation to his litigation. The mere delay in filing certain documents in pending cases does not rise to "actual injury." See Lewis, 518 U.S. at 354-55 (to prove actual injury, the prisoner must demonstrate that the inadequacy of the institution's program hindered his effort to pursue a non-frivolous claim concerning his conviction or conditions of confinement). In addition, Plaintiff's contention that the delay in filings and/or access to the law library resulted in prolonged involuntary civil commitment by at least ten days is without merit. The fact that Plaintiff believes his commitment was prolonged by "ten days," does not demonstrate actual injury as a result of the alleged denial of access to the courts. Further, the mere fact that a certain case was denied on the merits is insufficient to show "actual injury." Indeed, Plaintiff fails "to show that the 'arguable' nature of the claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416 (2002). In sum, Plaintiff has failed to allege facts suggesting actual injury, and he has failed to state a cognizable claim for denial of access to the courts.

**C. Denial of Medical Care**

Civil detainees possess greater constitutional rights than prisoners, and their Constitutional claims arise from the Fourteenth rather than the Eighth Amendment. Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22). Thus, to avoid liability, a defendant's medical decisions regarding the plaintiff's treatment must be supported by "professional judgment." Youngberg, 457 U.S. at 321. A defendant fails to use professional judgment when his decision is

"such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he] did not base [his] decision on such a judgment." Id. at 323.

In determining whether defendant has met his constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professional acceptable choices should have been made." Id. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment. Id. at 323.

Here, Plaintiff contends that he has been suffering abdominal pain since the lockdown on January 14, 2018, and is being denied a previously scheduled appointment with the general surgeon and surgery for his inguinal hernia. However, Plaintiff's vague and conclusory claims are insufficient to give rise to a claim. Plaintiff has not shown that his failure to receive the surgery and/or some unidentified treatment substantially deviated from professional standards. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**D.  Free Exercise of Religion**

Civil detainees retain the protections afforded by the First Amendment, including the right to freely practice their religion. See O'Lone v. Estate of Shabazz, 482 U.S. 347, 348 (1987); see also Youngberg, 457 U.S. at 322. In order establish a cause of action under the Free Exercise Clause, Plaintiff must show that a restriction substantially burdened the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). "'When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" Shakur, 514 F.3d at 884 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In Turner, the Supreme Court articulated four factors to consider in determining whether a prison regulation is valid:

///

///

7

(1) Whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it";

(2) Whether there are "alternative means of exercising the right that remain open to prison inmates";

(3) Whether "accommodation of the asserted constitutional right" will "impact … guards and other inmates, and on the allocation of prison resources generally"; and

(4) Whether there is an "absence of ready alternatives" versus the "existence of obvious, easy alternatives."

Shakur, 514 F.3d at 882 (citing Turner, 482 U.S. at 89-90.)

Here, since the lockdown on January 14, 2018, Plaintiff has not been allowed a Catholic Chaplain to conduct prayer services and attend mass in the Catholic chapel or anywhere else on the facility. Prior to the lockdown at Coalinga State Hospital, Plaintiff attended Catholic chapel services on Tuesdays, Thursdays and Sundays. Plaintiff states a cognizable claim for relief against Defendant Brandon Price based on the denial to exercise his religion due to the lockdown.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's due process claim against Defendants Pam Ahlin and Brandon Price and free exercise of religion claim against Defendant Brandon Price; and

2. Plaintiff's access to the courts and medical claims be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

///
///
///
///

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 30, 2018**__

UNITED STATES MAGISTRATE JUDGE