UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWTIS DONALD RHODEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00101-LJO-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 40] |

Plaintiff Lawtis Donald Rhoden is a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed December 3, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Pam Ahlin and Brandon Price for due process violation and against Defendant Brandon Price for denial of free exercise of religion.

On August 24, 2018, Defendants filed an answer to the complaint.

On August 27, 2018, the Court issued the discovery and scheduling order.

As previously stated, on December 3, 2018, Plaintiff filed a motion to compel. Defendants filed an opposition on December 18, 2018. Plaintiff did not file a reply.

///

1

## II.

## DISCUSSION

Plaintiff is proceeding pro se and he is a civil detainee challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 38, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

In his motion to compel, Plaintiff contends that the responses by Defendants to interrogatories numbers 1, 8, 10 and 12 are incomplete, evasive, ambiguous, and non-responsive. Plaintiff seeks further responses to his discovery requests and leave to propound additional interrogatories to both Defendants. Plaintiff also contends that the responses to request for admissions numbers 4, 5, 7, 8 and 13 are "incomplete, evasive, ambiguous, and non-specific." (Motion, at 4:4-10.)

### A. Plaintiff's First Set of Interrogatories

On October 24, 2018, Defendants Ahlin and Price each served objections and responses to Plaintiff's first set of interrogatories. Plaintiff seeks further responses to numbers 1, 8, 10 and 12.

Defendants argue that Plaintiff has failed to explain whether he takes issue with the stated objections or whether the response itself is incomplete, evasive, ambiguous, or non-specific. Defendants submit that their responses are sufficient. Lastly, Defendants argue that Plaintiff exceeded the permissible number of interrogatories and therefore, their objections to interrogatories numbers 14 through 25 were appropriate.

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

1. <u>Interrogatory Number One[1]</u>

**Interrogatory Number One:** "How specifically did Plaintiff's possession and use of his personal laptop computer and electronic storage devices constitute a threat to the safety of the staff and patients at Coalinga State Hospital ("DSH") to the extent that confiscation of his computer and electronic storage devices (thumb drives/memory sticks, DVD's) on January 29, 2018, was necessary to maintain security at DSH?" (Motion, Ex. A at 2; ECF No. 40.)

///

---

[1] Plaintiff propounded identical sets of interrogatories and request for admission to Defendants Ahlin and Price, and identical responses were provided by both Defendants. Therefore, the analysis of the discovery requests applies equally to both Defendants.

4

**Defendants' response:** "Defendant [] objects to this interrogatory as vague and ambiguous, calls for official information, attorney client and attorney work product privilege. Without waiving said objections, defendant responds:

The possession of wireless communication devices and personal devices with access to the internet among the patient population were used to 'import illegal pornographic materials, facilitate contraband exchanges, and communicate with external and internal individuals for victimization purposes.' This regulatory scheme at issue was adopted to support the elimination of these significant safety and security risks."

**Analysis and Ruling:** Plaintiff's motion to compel is denied. Defendants provided a response that explained how the possession and use of the electronic devices constituted a threat and how the regulatory scheme was adopted. Accordingly, Plaintiff is not entitled to a further response.

2. <u>Interrogatory Number Eight</u>

**Interrogatory Number Eight:** "Who determined that the possession of laptop computers and electronic storage devices by Plaintiff and other patients at DSH, constituted a threat to the safety and security of the patients and staff at DSH?" (Motion, Ex. A at 6; ECF No. 40.)

**Defendants' response:** "Defendant [] objects to this interrogatory as overbroad, vague, and ambiguous, and seeks information protected by the attorney-client privilege, attorney work product privilege, and official information (<u>Rovario v. United States</u>, 353 U.S. 53 (1957); Evid. Code §§ 1040, 1041) and deliberative process privileges. Without waiving said objections, Defendant [] responds:

Under both the prior and present section 4350, contraband includes electronic devices that may be connected to a wired and/or wireless communication network. Cal. Code Regs. tit. 9, § 4350. DSH moved to amend Section 4350 to ban civil detainees' personal possession of computers and other electronic devices." (Motion, Ex. A at 6; ECF No. 40.)

**Analysis and Ruling:** Plaintiff's motion to compel is denied. Defendants provided a response that explained DSH moved to amend the regulations to ban possession of electronic devices. Accordingly, Plaintiff is not entitled to a further response.

///
///

3. <u>Interrogatory Number Ten</u>

**Interrogatory Number Ten:** "Who determined that Plaintiff would not be given a federal due process hearing to challenge the confiscation of his laptop computer and electronic storage devices by the Defendants, prior to their confiscation in January of 2018?

A. Why was Plaintiff not given the opportunity to have a due process hearing to challenge the confiscation of his laptop computer and electronic storage devices in January of 2018?" (Motion, Ex. A at 8; ECF No. 40.)

**Defendants' Response: "**Defendant [] objects to this interrogatory as overbroad, vague, and ambiguous as to "federal due process hearing." It also solicits information protected by the attorney-client and work produce privileges, deliberative process and official information privilege (<u>Roviaro v. United States</u>, 353 U.S. 53 (1957); Cal. Evid. Code §§ 1040, 1041). Without waiving said objections, Defendant [] responds:

Defendant [] cannot respond to this interrogatory as currently phrased as it requires adopting of plaintiff's version of events and seek a legal conclusion.

A. Defendant [] objects to this interrogatory as overbroad, vague, and ambiguous as to "due process hearing." It also solicits information protected by the attorney-client and work produce privileges, deliberative process and official information privilege (<u>Roviaro v. United States</u>, 353 U.S. 53 (1957); Cal. Evid. Code §§ 1040, 1041). Without waiving said objections, Defendant [] responds:

DSH-Coalinga provided due notice and process prior to the January 2018, confiscation. Plaintiff, as all other patients impacted by the Section 4350 amendment and subsequent confiscation, were provided sufficient process under the law. On January 12, 2018, Defendant Price issued a memo to all DSH-Coalinga patients concerning the Office of Administrative Law's approval of the emergency amendment to Section 4350. The memo notified patients that they were not permitted to possess certain electronic devices, including but not limited to desktop computers, laptop computers, and digital media recording devices. In addition, patients were not permitted to possess floppy disks, hard disks, VSH tapes, and items capable of memory storage (including thumb drives, flash drives, SIM cards, etc.). On January 16, 2018, the Fresno County District Attorney's Office issued a memorandum to all staff and patients at DSH-Coalinga concerning the amendments to Section 4350 of

title 9 of the California Code of Regulations. That January 16, 2018 memo from the Fresno County District Attorney's Office informed patients that there would be an amnesty period for patients to voluntarily relinquish the prohibited computers, without fear of prosecution, and electronic devices from 9:00 a.m. on Friday, January 19, 2018 through 4:00 p.m. on Sunday, January 28, 2018. Patients were notified that after 4:00 p.m. on Sunday, January 28, 2018, such items will be deemed contraband and may subject the patients to prosecution.

Under this amnesty period, the patients could also permit the DSH to review the item for illegal material without file, folder, or document-type limitation (other than documents protected by the attorney-client privilege). If no illegal material was found on the prohibited items, then the items could be mailed to a location designated by the patient. Many patients elected to participate. The devices would be scanned and cleared by DSH's Police Services. Once the device was confirmed to not have illegal material, DSH set an appointment with the patient to allow them to transfer the material onto a state owned device that will only be accessible to that patient under the supervision in the computer lab. This process was available to all patients, including plaintiff, during the designated amnesty time-period."

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. Defendants objections that the phrase "due process hearing" is vague, ambiguous and overbroad are sustained. Furthermore, notwithstanding these objections, Defendants provided a substantive response which adequately responded to Plaintiff's interrogatory relating to the notice and process afforded. Accordingly, Plaintiff is not entitled to a further response.

    4.    <u>Interrogatory Number Twelve</u>

**Interrogatory Number Twelve:** "Prior to confiscation of Plaintiff's laptop computer and electronic storage devices, could DSH police and staff have periodically searched his computer and storage devices to check and see if there was any material on them that would have constituted a threat to the safety and security of patients and staff at DSH, in lieu of arbitrarily confiscating and permanently disposing of Plaintiff's property?

///

///

7

A. Is there any reason this procedure would not have been adequate and sufficient to ensure the safety of the patients and staff at DSH, with regard to Plaintiff's possession and use of his computer and electronic storage devices."

**Defendants' Response:** "Defendant [] objects to this interrogatory as overbroad, vague, and ambiguous. It also solicits information protected by the attorney-client privilege, attorney work product privilege, deliberative process and official information privilege (Roviaro v. United States, 353 U.S. 53 (1975); Cal. Evid. Code §§ 1040, 1041). Without waiving said objections, Defendant responds:

Under DSH's regulatory scheme, plaintiff's laptop computer and electronic storage devices are contraband and prohibited. These very devices among the patient population, of which plaintiff is a part of, have been used to import illegal pornographic materials and used to communicate with external and internal individuals for illegal and victimization purposes. These criminal activities have been far easier to engage in and harder to detect as technological advances have occurred. DSH-Coalinga's Department of Police Services has actively engaged in efforts to locate electronic devices being used to download, store, and/or distribute child pornography. Their efforts have led to arrests prosecuted by the Fresno County District Attorney's Office. These efforts and arrests, however, have not stopped the continued use of personal computers and electronic devices for such illicit activities. Patients have filed civil lawsuits challenging the prior California Code of Regulations, title 9, section 4350, and challenging the searches and seizures of their personal computers, even when contraband such as child pornography is found in the computers. As a result of these factors, including but not limited to the continued illicit activities, increased technology, legal challenges to the existing regulatory scheme, the amendment and confiscation is necessary to protect the public, specifically victims of child pornography. Thus, the amendment to Section 4350 and subsequent actions by DSH were not arbitrary.

A. Defendant Price objects to this interrogatory as overbroad, vague, and ambiguous. It also solicits information protected by the attorney-client privilege, attorney work product privilege, deliberative process and official information privileges (Roviaro v. United States, 353 U.S. 53 (1959); Cal. Evid. Code §§ 1040, 1041.) Without waiving said objections, Defendant [] responds:

1    Yes. Under DSH's regulatory scheme, plaintiff's laptop computer and electronic storage
2    devices are contraband and prohibited. These very devices among the patient population, of which
3    plaintiff is a part of, have been used to import illegal pornographic materials and used to communicate
4    with external and internal individuals for illegal and victimization purposes. These criminal activities
5    have been far easier to engage in and harder to detect as technological advances have occurred. DSH-
6    Coalinga's Department of Police Services has actively engaged in efforts to locate electronic devices
7    being used to download, store, and/or distribute child pornography. Their efforts have led to arrests
8    prosecuted by the Fresno County District Attorney's Office. These efforts and arrests, however, have
9    not stopped the continued use of personal computers and electronic devices for such illicit activities.
10   Patients have filed civil lawsuits challenging the prior California Code of Regulations, title 9, section
11   4350, and challenging the searches and seizures of their personal computers, even when contraband
12   such as child pornography is found in the computers. As a result of these factors, including but not
13   limited to the continued illicit activities, increased technology, legal challenges to the existing
14   regulatory scheme, the amendment and confiscation is necessary to protect the public, specifically
15   victims of child pornography."

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. Defendants provided responses to both parts of this interrogatory, and adequately explained why their actions were necessary and why they believed they were not arbitrary. Accordingly, Plaintiff is not entitled to a further response.

   **B.   Interrogatories in Excess of Twenty-Five Limit and Request to Propound Additional Interrogatories**

Plaintiff seeks leave of Court to serve each Defendant with an additional fifteen interrogatories. Federal Rule of Civil Procedure 33 limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to an extent consistent with Federal Rule of Civil Procedure 26(b)(1) and (2). Fed. R. Civ. P. 33(a). "The party requesting additional interrogatories must make a 'particularized showing' as to why additional discovery is necessary." Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB PC, 2008 WL

2018432, at *2 (E.D. Cal. 2008) (citing <u>Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.</u>, 187 F.R.D. 578, 586 (D MN 1999).

Here, Plaintiff contends the additional interrogatories are necessary in order to obtain specific responses not previously provided and because he is unable to depose Defendants.

Defendants argue that Plaintiff has failed to demonstrate the need or justification for the additional discovery.

Plaintiff is proceeding pro se and he is incarcerated, which affects his ability to draft discovery with the precision of an attorney. It also entitles him to some additional leniency. Discovery must be limited if it is unreasonably cumulative or duplicative, Fed. R. Civ. P. 26(b)(2)(C)(i), but that inquiry must be viewed through the lens of Plaintiff's pro se status. Pro se litigants are necessarily accorded greater latitude than attorneys given their lesser skill set. The Court will not overlook abuse of the discovery process, but neither will it rigidly apply the interrogatory limit when the rule itself contemplates the propriety of additional interrogatories in many cases.

The Court finds that Plaintiff's explanation coupled with a review of the copy of his additional interrogatories sufficient to meet his burden under Rule 33(a). Plaintiff has attached a copy of his additional interrogatories, and the majority of them relate to his claim regarding access to religious services. There is no basis to find that Plaintiff is using the interrogatory process as a means to harass Defendants, and there is no showing that they will suffer prejudice as the discovery deadline does not expire until April 27, 2019. Plaintiff's request is permitted only to the additional/supplemental interrogatories as set forth in his second set of interrogatories, attached to his motion. (ECF No. 40, at pp. 82-85). Accordingly, Defendants will be directed to file a response to Plaintiff's second set of interrogatories.

**C.     Plaintiff's First Set of Requests for Admissions**

On October 31, 2018, Defendants Ahlin and Price each served objections and responses to Plaintiff's first request for admissions. Plaintiff contends the responses to request for admissions numbers 4, 5, 7, 8 and 13 are "incomplete, evasive, ambiguous, and non-specific." (Motion, at 4:4-10.)

///

10

Defendants argue Plaintiff fails to explain how each of the challenged responses is deficient. Defendants further contend that their objections are sufficient and they properly denied the statements as stated by Plaintiff.

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

 1. <u>Request for Admission Number Four</u>

**Request for Admission Number Four:** "Defendant Pam Ahlin authorized the confiscation of Plaintiff's laptop computer and electronic storage devices on January 29, 2018, without affording Plaintiff a due process hearing to contest such confiscation."

**Defendants' Response:** "Defendant … objects to this request as compound, overbroad, vague, and ambiguous as to 'authorized' and 'due process hearing.' It also solicits information protected by the attorney-client privilege, attorney work product privilege, deliberative process privilege and official information privilege (<u>Roviaro v. United States</u>, 353 U.S. 53 (1957); Cal. Evid. Code §§ 1040, 1041). Without waiving said objections, Defendant … responds:

Defendant … cannot admit or deny the request as currently stated. To the extent a response is deemed necessary as currently stated, Defendant … denies the statement."

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. Plaintiff merely contends that Defendants' responses are "incomplete, evasive, ambiguous, and non-specific." However, Plaintiff fails to specifically address Defendants' response and how or why it is deficient. <u>See</u> <u>Haynes</u>

v. Sisto, No. CIV-S-08-2177 SPG (PC), 2010 WL 4483486, at *1 (E.D. Cal. Nov. 1, 2010) ("The court will not review each of Plaintiff's discovery requests and each of Defendants' responses in order to determine whether any of Defendants' responses are somehow deficient. Plaintiff has the burden of … describing why Defendants' particular response is inadequate."); see also Womack v. Virga, No. CIV S-11-1030 MCE EFP P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011) ("The party seeking the motion to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are deficient."). Accordingly, there is no basis to order a further response, and Plaintiff's motion is denied.

2.  Request for Admission Number Five

**Request for Admission Number Five:** "Defendant Brandon Price authorized the confiscation of Plaintiff's laptop computer and electronic storage devices in January of 2018, after being authorized to do so by Defendant Pam Ahlin."

**Defendants' Response:** "Defendant … objects to this request as compound, overbroad, vague, and ambiguous. It also solicits information protected by the attorney-client privilege, attorney work product privilege, deliberative process privilege and official information privilege (Roviaro v. United States, 353 U.S. 53 (1957); Cal. Evid. Code §§ 1040, 1041). Without waiving said objections, Defendant … responds:

Defendant … cannot admit or deny the request as currently stated. To the extent a response is deemed necessary as currently stated, Defendant … denies the statement."

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. For the same reasons explained above, Plaintiff merely contends that Defendants' responses are "incomplete, evasive, ambiguous, and non-specific." However, Plaintiff fails to specifically address Defendants' response and how or why it is deficient. Accordingly, there is no basis to order a further response, and Plaintiff's motion is denied.

*///*
*///*
*///*

3. Request for Admission Number Seven

**Request for Admission Number Seven:** "The Defendants have no knowledge that Plaintiff did anything unlawful or against hospital rules with his laptop computer and electronic storage devices (prior to their confiscation) that constituted a threat to the safety and security of the patients and staff and CSH, or the public."

**Defendants' Response:** "Defendant … objects to this request as compound, overbroad, vague, and ambiguous. Without waiving said objections, Defendant … responds:

Defendant … does not have specific details concerning each and every use of plaintiff's devices and on that basis, denies the statement."

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. For the same reasons explained above, Plaintiff merely contends that Defendants' responses are "incomplete, evasive, ambiguous, and non-specific." However, Plaintiff fails to specifically address Defendants' response and how or why it is deficient. Accordingly, there is no basis to order a further response, and Plaintiff's motion is denied.

4. Request for Admission Number Eight

**Request for Admission Number Eight:** "Both Defendants Pan Ahlin and Brandon Price determined that the possession of laptop computers and electronic storage devices by Plaintiff and other patients at CSH, constituted a threat to the safety and security of the patients and staff at CSH, and ordered their seizure and confiscation without affording Plaintiff a due process hearing to prove that he was not using his computer and storage devices in an unlawful way, or in a way that threatened the safety of patients and staff at CSH, or the public."

**Defendants' Response:** "Defendant … objects to this request as duplicative, compound, overbroad, vague, and ambiguous. It also solicits information protected by the attorney-client privilege, attorney work product privilege, deliberative process privilege and official information privilege (Roviaro v. United States, 353 U.S. 53 (1957); Cal. Evid. Code §§ 1040, 1041). Defendant … cannot admit or deny the request as currently stated. To the extent a response is deemed necessary as currently stated, Defendant … denies the statement."

///

13

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. For the same reasons explained above, Plaintiff merely contends that Defendants' responses are "incomplete, evasive, ambiguous, and non-specific." However, Plaintiff fails to specifically address Defendants' response and how or why it is deficient. Accordingly, there is no basis to order a further response, and Plaintiff's motion is denied.

5. Request for Admission Number Thirteen

**Request for Admission Number Thirteen:** "It was not necessary to stop all religious services and Plaintiff's participation at such services at CSH, for approximately one month starting in January of 2018, to ensure the safety and security of patients and staff at CSH."

**Defendants' Response:** "Defendant … objects to this request as compound, overbroad, vague, and ambiguous. IT also solicits information protected by the attorney-client privilege, attorney work product privilege, deliberative process privilege and official information privilege (Roviaro v. United States, 353 U.S. 53 (1957); Cal. Evid. Code § 1040, 1041). Without waiving said objections, Defendant … responds:

Defendant … cannot wholly admit or deny said request as stated. To the extent a response is deemed necessary as currently stated, Defendant … denies the statement."

**Analysis and Ruling:** Plaintiff's motion to compel must be denied. For the same reasons explained above, Plaintiff merely contends that Defendants' responses are "incomplete, evasive, ambiguous, and non-specific." However, Plaintiff fails to specifically address Defendants' response and how or why it is deficient. Accordingly, there is no basis to order a further response, and Plaintiff's motion is denied.

## III.

## CONCLUSION AND ORDER

While the Court recognizes that Plaintiff may be disinclined to accept Defendants' discovery responses at face value, he is in a position no different than any other civil litigant: he is required to accept legally sufficient discovery responses. Mere distrust and suspicion do *not* form a legitimate basis to further challenge facially sufficient discovery responses. Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 634 (E.D. Cal. 2013). Moreover, signed discovery responses are

themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, Fed. R. Civ. P. 11(b). <u>See also</u> Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is denied;

2. Plaintiff's request to serve additional interrogatories is granted, but limited to the requests as set forth in Plaintiff's second set of interrogatories, attached to his motion (ECF No. 40, at pp. 82-85)

3. Within forty-five (45) days from the date of service of this order, Defendants shall file a response to Plaintiff's second set of interrogatories.

IT IS SO ORDERED.

Dated: __**January 23, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE