UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWTIS DONALD RHODEN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>Defendants. | Case No.: 1:18-cv-00101-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE<br><br>[ECF No. 50] |

Plaintiff Lawtis Donald Rhoden is a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, filed March 7, 2019. Although the time to file an opposition has not yet expired, the Court finds no response necessary because Plaintiff's motion must be denied as procedurally deficient.

**I.**

**DISCUSSION**

This action is proceeding against Defendants Pam Ahlin and Brandon Price for due process violation and against Defendants Brandon Price and Stephanie Heggen for denial of free exercise of religion.[1]

---

[1] Defendant Stephanie Heggen has not yet been served with process. (See ECF No. 45.)

1

On August 24, 2018, Defendants Ahlin and Price filed an answer to the complaint.

On January 22, 2019, the Court granted Plaintiff's motion to amend the complaint to add Defendant Stephanie Heggen, and granted Defendants Ahlin and Price the opportunity to amend their answer is so desired. (ECF No. 45.)

On February 21, 2019, Defendant Price filed an amended complaint to the fifth amended complaint. (ECF No. 48.)

On March 4, 2019, the Court issued an amended scheduling order and set the deadline for completion of discovery for June 27, 2019, and the deadline to file dispositive motions for August 27, 2019. (ECF No. 49.)

In the instant motion, Plaintiff seeks summary judgment on the merits of his claims against Defendants Brandon Price and Pam Ahlin. Plaintiff's motion for summary judgment is procedurally deficient and should be denied, without prejudice. Plaintiff's motion did not comply with Local Rule 260(a), which requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Compliance with Local Rule 260(a) is mandatory, and as a result of Plaintiff's failure to include a Statement of Undisputed Facts with his motion, it is procedurally defective and should be denied, without prejudice, on that ground. See Engrahm v. Cty. of Colusa, No. 2:04-cv-01290-GEB-GGH, 2005 WL 3440025, at *1 (E.D. Cal. Dec. 14, 2005) (failure to comply with Local Rule 260 is an appropriate basis for denying a motion for summary judgment).

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be DENIED, without prejudice.

///

///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 11, 2019**

UNITED STATES MAGISTRATE JUDGE