UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWTIS DONALD RHODEN,<br><br>            Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF STATE HOSPITALS, *et al.*,<br><br>            Defendants. | No.  1:18-cv-00101-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 70) |

Plaintiff Lawtis Donald Rhoden is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983, claiming violation of his rights under the Due Process Clause, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the First Amendment's Free Exercise Clause.  (Doc. Nos. 29, 46.)  Plaintiff is currently a civil detainee at the California Department of State Hospitals at Coalinga ("DSH-Coalinga") after being found to be a sexually violent predator.  He now claims that defendants— DSH-Coalinga's current executive director Brandon Price, director Pam Ahlin, and a program director responsible for religious activities, Stefanie Heggen—implemented policies and practices between 2018 and 2019 that violated his rights.

On October 10, 2019, defendants sought summary judgment in their favor, arguing that they did not violate plaintiff's rights, and that even if they had, they were entitled to summary judgment in their favor on qualified immunity grounds.  (Doc. No. 65-2 at 1.)  Plaintiff filed an

1

1  opposition to the motion on November 12, 2019.  (Doc. No. 67.)  The matter was referred to a
2  United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On
3  March 20, 2020, the assigned magistrate judge issued findings and recommendations
4  recommending that defendants' motion for summary judgment be granted.  (Doc. No. 70.)
5  Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this
6  case and will adopt the pending findings and recommendations for the reasons explained below.

## FACTUAL BACKGROUND

8  The following facts are accepted as true (unless stated otherwise) because, as the
9  magistrate judge found, there is no genuinely contradicting evidence.  (Doc. No. 70 at 4 n. 1.)
10 This case was touched off by the implementation of an amendment to Section 4350 of title 9 of
11 the California Code of Regulations, banning civil detainees from possessing electronic devices.
12 (Doc. No. 65-3 ¶¶ 7-8.)  Thereafter, plaintiff's laptop and memory devices were confiscated.  (Id
13 at ¶ 28.) When the amendment was implemented at DSH-Coalinga on January 12, 2018, civil
14 detainees responded by destroying facility property.  (*Id.* ¶ 10.)  Because of the disturbances,
15 executive director Price implemented a lockdown of DSH-Coalinga until January 16, 2018, after
16 which the facility shifted to a transitional period known as a "modified program."  (*Id.* ¶¶ 14, 19.)
17 Under the modified program, effective until February 8, 2018, all units were locked, and patients
18 were allowed to see their doctors or attorneys only by escort.  (*Id.* ¶¶ 19, 24, 31.)  Prior to the
19 lockdown, plaintiff regularly attended morning prayer twice a week and mass on Sundays in the
20 Catholic chapel located within DSH-Coalinga.  (Doc. No. 70 at 3.)  During the lockdown and
21 modified program, religious services were not permitted or were limited.  (Doc. No. 65-3 ¶ 18-19,
22 39, 41.)

23 Father Viktor Perez ("Father Perez") was an authorized religious volunteer and regularly
24 conducted services at DSH-Coalinga.  (*Id.* ¶ 38.)  Raul Amador ("Brother Andreas") was
25 employed as the Catholic Chaplain for DSH-Coalinga, but because he was not a priest, there were
26 sacraments he was not allowed to administer.  (*Id.* ¶ 35.)  From the end of the modified program
27 at DSH-Coalinga to approximately November 25, 2018, Father Perez and Brother Andreas were
28 able to conduct mass and other Catholic services.  (*Id.* ¶ 43.)  In or around December 2018,

plaintiff requested to conduct Catholic services in the chapel on December 25, 2018, but defendants denied the request due to insufficient staffing for safety. (*Id.* ¶¶ 68-69.) Between approximately November 2018 to April 2019, plaintiff led the Sunday prayer services because Brother Andreas was on reassignment. (*Id.* ¶ 46.) On February 25, 2019, defendants rescinded Father Perez's clearance on the basis that it was "in the best interest of the facility and security and patient and staff safety" after "contraband items" were found in his wallet. (*Id.* ¶¶ 51, 56.) Afterward, defendants searched for a new volunteer priest, but due to the shortage of Catholic priests and the lengthy approval process, the new priest was not hired for some time and did not begin conducting regular services until September 16, 2019. (*Id.* ¶¶ 58-61.)

Plaintiff contends that his rights to religious exercise and to his electronic devices were violated between January 12, 2018 to February 8, 2018 during the lockdown and modified program, (Doc. No. 67 at 14); between November 25, 2018 to February 24, 2019 when Father Perez was denied access DSH-Coalinga to engage with religious services, (*id.* at 16); because Brother Andreas was not allowed to provide religious services until April 2019, (*id.* at 16, 27); and those rights are still being violated today as plaintiff cannot attend mass or receive holy sacraments (with few exceptions) with Father Perez, (Doc. No. 71, Rhoden Decl. at ¶¶ 24-26).

**ANALYSIS**

Defendants moved for summary judgment in their favor as to plaintiff's claims that: (1) his right to due process was violated; (2) his rights under RLUIPA were violated; and (3) his First Amendment Free Exercise rights were violated. (Doc. No. 70 at 14.) The magistrate judge first found that plaintiff's due process rights were not violated because there was no constitutional right affording inmates' possession of electronic devices and that plaintiff was given but chose not to take the option of mailing his electronic devices to a location of his choice before they were confiscated. (*Id.* at 16-18.) Next, the magistrate judge found that, under RLUIPA, the cancellation and limitation of religious practices during the lockdown and modified programming at DSH-Coalinga constituted a substantial burden on plaintiff's religious exercise. (*Id.* at 18-20.) Nevertheless, the magistrate judge concluded that the substantial burden placed on plaintiff's exercise of religion was justified in response to patient disturbances during the facility-wide

3

search to confiscate contrabands (i.e. electronic devices), and that as an adequate alternative, plaintiff had been allowed to gather privately with other detainees to worship, the detainees had been permitted to call their religious advisors, and religious advisors were allowed to visit and did visit plaintiff to facilitate his religious practice during the relevant time period. (*Id.* at 19-21.) The magistrate judge also found based upon the evidence presented on summary judgment that the denial of plaintiff's request to hold Catholic services on December 25, 2018 was properly based on insufficient staffing and legitimate safety concerns. (*Id.* at 23-24.) Based on the same evidence, the magistrate judge concluded that there had been no infringement of plaintiff's Free Exercise rights. (*Id.* at 24-27.) The court finds the pending findings and recommendations to be supported by the record and by proper analysis.

Plaintiff filed objections to the findings and recommendations on April 10, 2020. (Doc. No. 71.) Therein, plaintiff emphasizes that his right to religious exercise was violated when Brother Andreas was not performing religious services between November 2018 and April 2019, and that his rights in this regard continue to be violated because Father Perez has not been allowed to return to DSH-Coalinga since February 25, 2019. (*Id.*, Rhoden Decl. ¶¶ at 12, 24-26.) In advancing this objection, plaintiff appears to conflate his right to religious exercise with his personal preference as to who leads religious services in which he is participating at DSH-Coalinga. Moreover, defendants have come forward with undisputed evidence on summary judgment showing that Brother Andreas was on reassignment and was unable to perform religious services between November 2018 and April 2019, and that over that period, plaintiff led Sunday prayer services and had a Bible and Catholic missal to practice his religion. (Doc. No. 65-3 ¶¶ 45-46, 48.) The evidence on summary judgment also establishes that after Brother Andreas was reassigned, he resumed conducting his Sunday prayer and other religious services at DSH-Coalinga. (*Id.* ¶ 57.) The undisputed evidence also shows that Father Perez's clearance was rescinded for appropriate reasons, and that defendants made reasonable efforts to procure, and did ultimately procure, a new priest to conduct the religious services that had been conducted at DSH-Coalinga before Father Perez left. (*Id.* ¶¶ 51, 56, 58-61.)

/////

In light of the foregoing, the undersigned finds that plaintiff's objections have provided no basis upon which the findings and recommendations should be rejected.

Accordingly:

1. The March 20, 2020 findings and recommendations (Doc. No. 70) are adopted as supplemented by the analysis set forth above;
2. Defendants' motion for summary judgment (Doc. No. 65) is granted;
3. The Clerk of Court shall enter judgment in favor of defendants; and
4. The Clerk of Court is also directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated: **July 18, 2020**

UNITED STATES DISTRICT JUDGE